UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61152-CIV-Moore/Garber

FRANZ A. WAKEFIELD,

    Plaintiff,

v.

SEARS, ROEBUCK AND CO.,

    Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court by reference from U.S. District Judge K. Michael Moore on the defendant Sears, Roebuck and Co.'s Renewed Verified Motion for Sanctions [DE 108], which adopted by reference its original Verified Motion for Sanctions [DE 80].

The defendant, in its Verified Motions for Sanctions now before the Court, seeks imposition of monetary sanctions in the form of its attorneys' fees, and also seeks to enjoin the plaintiff from filing any further lawsuits in this Court. The Court will consider each of these issues, although the issue regarding the injunction will be addressed by a separate Report and Recommendation to the District Judge.

Plaintiff's complaint and amended complaint were terminated as a result of the Court's granting the defendant's Motion for Summary Judgment. Plaintiff appealed such ruling to the Eleventh Circuit Court of Appeals and sought to proceed on appeal *in forma pauperis*. By its Order filed on June 1, 2007, the Eleventh Circuit, on its own motion, dismissed plaintiff's appeal as frivolous. Such conclusion of frivolousness was also found by the undersigned in the Report and Recommendation, also stating that Wakefield acted in bad faith because *inter alia* his seeking a patently frivolous amount of damages, his refusal to

respond to questions during his deposition in which he claimed unspecified or non-existent privileges, and his filing of numerous other non-meritorious lawsuits in the Southern District of Florida. Even after a dismissal of his frivolous lawsuit, Wakefield filed a non-meritorious and frivolous Motion for New Trial and Relief from Judgment seeking a vacatur of the Court's Order granting summary judgment. Said Motion was denied, only resulting in another Motion for Rehearing and New Trial, etc., which was denied.

Clearly, the plaintiff has prosecuted this, as well as numerous other, law suits that are non-meritorious and frivolous. Defendant correctly seeks an award of attorneys' fees and costs, since plaintiff's actions have wasted considerable judicial time and caused the defendant to unnecessarily incur substantial legal fees and costs. Since this Court has found that the plaintiff acted in bad faith in this litigation, and plaintiff has been afforded his due process rights by receiving notice and an opportunity to be heard through his deposition and appearances at numerous court hearings, there is no necessity for a further hearing on defendant's Renewed Motion for Attorneys' Fees and Costs. *Chambers v. Nasco, Inc.* 501 U.S. 32, 43 (1991).

Federal courts have the inherent power to control and discipline parties by awarding sanctions to punish conduct that is designed to, or utilized in such a manner as to, abuse the judicial process. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F. 3d 1332, 1335 (11th Cir. 2002). The exercise of such inherent authority results from a finding of bad faith. *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

Defendants correctly acknowledge that "this Court also must consider Wakefield's financial resources to pay these attorney's fees and costs." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002); *Durreett v. Jenkins*

*Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982).

Plaintiff's deposition reveals that he receives from $200.00 to $250.00 monthly in gifts from family and friends, as also set forth in his affidavit in support of his denied application to proceed *in forma pauperis*. He is unemployed, works only for his corporations, and does not have a bank account or credit card. None of his corporations have any bank accounts or credit cards. He owns an inoperable 1993 Acura Legend, a laptop computer, and claimed intellectual property such as claimed patents. He further claims to have an interest of 2% of gross revenues of iPod and iTunes pursuant to an agreement made with Sarah Jessica Parker.

Wakefield, by his own admission, is well educated, obtaining a chemical engineering degree from the University of Florida in 1999. He was also employed by Cordis Corporation in a professional capacity but was terminated in 2002 and has not had a job since that time. He claims that the management of his pending litigation is a full time job and spends from 25 to 30 hours a week working on his litigation.

Based upon the sworn testimony and submissions of the plaintiff regarding his current financial status, the Court finds that he does not have the ability to pay any substantial award of attorneys' fees or costs to the defendant. However, the imposition of a requirement that he pay a portion of the attorneys' fees and costs incurred by the defendant is necessary to serve as a deterrent from similar future conduct by the plaintiff.

The Eleventh Circuit, being fully aware of the plaintiff's financial condition, nonetheless awarded defendants, as a sanction, the sum of $185.00 for filing a frivolous motion, and an additional $500.00 in attorneys' fees for filing a frivolous appeal.[1] Here, the defendant has incurred in excess of $73,000.00 in legal fees and an additional $1,212.25 in

---

[1] Order of Eleventh Circuit dated June 1, 2007 [DE 110].

reimbursable costs. The Court has carefully examined the defendant's submissions in support of its application for fees and costs and finds that such fees and costs are reasonable and necessary. As a result of the plaintiff's bad faith in this litigation as exhibited by his frivolous complaint and continued efforts after the granting of defendant's summary judgment motion, all of which are either facially frivolous or found by the Court to be frivolous, the imposition of attorneys' fees and costs are necessary as a deterrent, although such awards must be necessarily limited due to the plaintiff's expressed inability to pay such rewards. However, based upon plaintiff's representations of an interest in various patents and rights thereunder pursuant to a claimed contract, it is not unreasonable to believe that the defendant may well obtain assets in the future that would permit satisfaction of an order granting attorneys' fees and costs. Accordingly, and upon due and careful consideration, it is hereby

ORDERED as follows:

1. Defendant Sears, Roebuck and Co.'s Verified Motion for Sanctions and Renewed Verified Motion for Sanctions are GRANTED.

2. Said defendant is hereby awarded the sum of Twenty Thousand Dollars ($20,000.00) as and for reasonable and necessary attorneys' fees, said sum to be paid to the defendant by the plaintiff.

3. Said defendant is awarded the amount of $1,212.25 as costs that were necessary and reasonable.

DONE AND ORDERED in Chambers at Miami, Florida this 11th day of March, 2008.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE